**Jefry LUCAS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73050.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.[*]

Filed Nov. 20, 2008.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, John R. Cunningham, Saul E. Greenstein, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Jefry Lucas, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The agency denied Lucas' asylum application as time barred. Lucas does not challenge this finding in his opening brief.

Substantial evidence supports the agency's determination that Lucas failed to establish past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Lucas failed to demonstrate that it was more likely than not that he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003).

Substantial evidence supports the agency's denial of CAT relief because Lucas failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**